1 | Todd M. Friedman, Esq. (216752)
2 | Adrian R. Bacon, Esq. (280332)
  | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
3 | 21550 Oxnard St., Suite 780
4 | Woodland Hills, CA 91367
5 | Phone: 323-306-4234
  | Fax: 866-633-0228
6 | tfriedman@toddflaw.com
7 | abacon@toddflaw.com
  | *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAN DEFOREST**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**COMMONWEALTH FINANCIAL SYSTEMS, INC.**,<br><br>Defendant.<br>_____ | Case No.<br><br>**Class Action Complaint for Violations of:**<br><br>1. **The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692,** *et seq.*;<br><br>2. **The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788,** *et seq.*; **and**<br><br>3. **Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200,** *et seq.*<br><br>**Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated by Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC. ("Defendant"), in an effort to deceive consumers and debtors into renewing expired statutes of limitations on claims that Defendant failed to bring in a timely manner against consumers and debtors.

2. In particular, Plaintiff, DAN DEFOREST ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers and debtors by systematically sending them mail based collection correspondence that failed to advise the consumers and debtors that the statutes of limitations for filing legal claims to collect on those debts ("time-barred debts") had expired, and thus, that legal claims cannot be brought against them past of the statute of limitations and that making even the smallest of payments renews the expired statutes of limitations.

3. The FTC has found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least the following ways: 1) since most consumers do not know or understand their legal rights regarding the collection of time-barred debts, efforts to collect on such debts may create a misleading impression that the consumer has no defense to a lawsuit; and 2)

consumers often do not know that in many states, making even the smallest of payments on a time-barred debt actually renews statute of limitations on that debt. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *Fed. Trade Comm'n,* The Structure and Practice of the Debt Buying Industry, 47(2013) (FTC Report 2013).

4. Reflective of the importance of advising consumers and debtors when their debt is past the statute of limitations is the consent decree between the FTC and Asset Acceptance, LLC requiring it to disclose to consumers *whether it knows or believes that a debt was incurred outside the limitations period*, the following: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *United States v. Asset Acceptance, LLC,* No. 8:12–cv–182–T–27EAJ (M.D.Fla.2012).

5. Plaintiff also alleges that Defendant systematically sent mail based debt collection correspondence to consumers and debtors on time-barred debts using the term "settlement," to mislead debtors and consumers into believing that legal action against them was pending.

6. Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe letter that offers to "settle" a debt implies that the debt is legally enforceable. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (2014). After all, most consumers do not understand their rights with regards to time-barred debts. *Fed. Trade Comm'n,* Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration 26-27 (2010).

7. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments, which would renew expired statutes of limitations, thereby allowing Defendant to subsequently file legal claims against those same consumers and debtors who had available to them, the affirmative defense of "statute of limitations," prior to making such falsely and unfairly induced payments.

8. Thus, Plaintiff brings class action claims against Defendant, under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. § 1692(e); Cal. Civ. Code § 1788.1(b).

9. Plaintiff further brings a claim for class wide injunctive relief under the California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*

## Jurisdiction and Venue

10. The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's RFDCPA and UCL claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the Central District of California, and because Plaintiff resides in Orange County, California, which is within the Central District of California.

## The Parties

12. Plaintiff is a natural person residing in Orange County, State of California who is obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" under the RFDCPA, Cal. Civ. Code § 1788.2(h).

13. Defendant is a Pennsylvania corporation that uses any instrumentality of interstate commerce or the mail in its business, the principal purpose of which

is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. § 1692(a)6. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, Cal. Civ. Code § 1788.2(c).

14. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. § 1692a(5), and as "consumer debt(s)," under the RFDCPA, Cal. Civ. Code § 1788.2(f).

## Factual Allegations

15. Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter. Plaintiff received said letter on April 30, 2020.

16. In the letter, Defendant introduced itself by stating:

> **Please be advised that your account has been placed with Commonwealth Financial Systems by Pendrick Capital Partners II LLC, the purchaser of the above referenced account. Please remit payment to the above listed address.**
>
> **We are offering a 25% discount to resolve this account for less than the full amount due. This offer is valid for at least 45 days after the date of this letter after which it may expire. We are not obligated to renew this offer. If more that 45 days**

have passed, please contact us to see if the offer is still valid.

17. Then, after the signature block, Defendant stated in relevant part:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, Pendrick Capital Partners II LLC will not sue you for it. If you do not pay the debt, Pendrick Capital Partners II LLC may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.**

18. No where does the above cited collection letter provide Plaintiff any information regarding the statute of limitations, despite the fact that Plaintiff's last payment on this balance was made more than four (4) years prior.

19. This letter also fails to advise Plaintiff that: 1) Defendant cannot sue Plaintiff to collect the debt; and 2) providing partial payment would revive the Defendant's ability to sue Plaintiff to collect the remaining balance.

20. Ultimately, this letter mislead Plaintiff into believing that any statute of limitations on the debt would not be impacted if Plaintiffs were to make a payment.

## Class Allegations

21. Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

22. Plaintiff represents, and is a member of the following classes:

a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that their debts, which are time-barred, are past the statutes of limitations;

b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that Defendant cannot sue to recover the time-barred debts;

c. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that making payments on their time-barred debts would renew the statutes of limitations on said debts;

23. As a result of Defendant's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding the legal status of time-barred debts that Defendant sought to collect from them. Defendant mislead Plaintiff and the Class into believing that making payments on time-barred debts is legally inconsequential.

24. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the number of

Class members to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers on time-barred debts that:

   i. Failed to disclose the particular statute of limitations for the debt, and that the debt was time-barred;

   ii. Failed to disclose that Defendant cannot bring legal action against the debtor or consumer because the debt is time-barred;

   iii. Failed to disclose that the consumer or debtor making payment to Defendant renews the statute of limitations on the time-barred debt;

 b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

 c. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. As a person that received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy

and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on previously time-barred debts.

30. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA, RFDCPA, and UCL.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action**
**Violation of the Fair Debt Collection Practices Act**

34. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

35. A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. 15 U.S.C. § 1692e(2)(A). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

36. A debt collector may not falsely represent or imply that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action 15 U.S.C. § 1692e(4). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

37. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. 15 U.S.C. §1692e(5). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

38. A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. 15 U.S.C. § 1692e(10). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

12
CLASS ACTION COMPLAINT

39. A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. 15 U.S.C. § 1692f. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

40. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

### **Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

  a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
  b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)
  c. For actual damages according to proof;
  d. For reasonable attorneys' fees and costs of suit;
  e. For prejudgment interest at the legal rate; and
  f. For such further relief as this Court deems necessary, just, and proper.

## Second Cause of Action
## Violation of the Rosenthal Fair Debt Collection Practices Act

41. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

42. Pursuant to § 1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." Cal. Civ. Code § 1788.17

43. Thus, by engaging in conduct prohibited by Sections e(2)(A), e(4), e(5), e(10) and e(f) of the FDCPA, Defendant violated the RFDCPA.

44. Further, under Cal. Civ. Code § 1788.14(d)(1), a debt collector sending a written communication to a debtor in an attempt to collect a time-barred debt that is not past the date for obsolescence set forth in 15 U.S.C. § 1681c must include a written notice stating the following: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [insert name of debt collector] may [continue to]

report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."

45. Defendant's letter failed to differentiate between the mandatory written notice pertaining to debts past their obsolescence dates (Cal. Civ. Code § 1788.14(d)(2)) and debts not past their obsolescence dates (Cal. Civ. Code § 1788.14(d)(1)), thus providing misleading information to Plaintiff and the Class Members whose debts are outside of the applicable statute of limitations.

46. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. Cal. Civ. Code § 1788.30.

## **Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

   a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
   b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to Cal. Civ. Code § 1788.30.
   c. For actual damages according to proof;
   d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

### Third Cause of Action
### Violation of the California Unfair Competition Law

47. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

48. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

49. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially

injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

50. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

51. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers into making payments on time-barred debts without disclosing that doing so would revive the statute of limitations on said debts. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

52. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception

utilized by Defendant convinced Plaintiff and members of the Class that Defendant they could make payments on time-barred debts without legal consequence. In fact, Defendant knew that Plaintiff and members of the Class would not know the legal consequences of making payments on time-barred debts and omitted that information intentionally. Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

53. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. The average consumer could not determine from Defendant's letter that making payments on time-barred debts would revive the statute of limitations on those debts. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

54. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

55. California Business and Professions Code Section 17200, *et seq.* prohibits "any unlawful…business act or practice."

56. As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing the nature and/or legal status of their alleged debts, and the legal effect of any payments on the alleged debts.

57. These representations by Defendant violated the FDCPA and RFDCPA, and therefore constitute an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

58. Defendant has thus engaged in unfair and unlawful business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

   a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

   b. Injunctive relief preventing Defendant from further unfair and/or unlawful business practices in connection with its mailed

correspondence seeking collection of time-barred debts; and

c. For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Date: April 23, 2021   By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorney for Plaintiff